UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:                                                          Chapter 13
                                                                Case No. 10-47677
    SHERONIA SAMUELS,
                        Debtor.

---

## MEMORANDUM OF LAW

### Question Presented and Preliminary Statement

The Court has asked the parties to brief the issue presented at the hearing on March 24, 2011; namely, whether proceeding with the Order to Show Cause filed by Sheronia Samuels (the "Debtor") in Queens County Supreme Court on October 5, 2010 was a violation of the automatic stay provided for by 11 U.S.C. §362 of the Bankruptcy Code.

It is respectfully submitted that the opposition filed by Bank of America as servicer for Deustche Bank National Trust Company as Trustee for First Franklin Mortgage Loan Trust 2006-FF7, Mortgage Pass Through Certificates Series 2006-FF7 (the "Respondent") to the Order to Show Cause filed in State Court by the Debtor, and the subsequent decision of the Queens County Supreme Court denying the Debtor's Motion, was not a violation of the automatic stay because (1) there was no stay as the subject property was sold prior to the bankruptcy filing and as such was not property of the estate, and (2) the automatic stay provided under the Bankruptcy Code does not extend to actions commenced by the debtor.

1

## Brief Statement of Facts

On February 10, 2006, the Debtor executed a Note and Mortgage in the amount of $688,000.00 (the "Mortgage Loan"), secured by real property commonly known as 87-01 Clover Place, Hollis NY 11423 (the "Subject Property"). The Debtor defaulted on her obligations under the Mortgage Loan and a foreclosure proceeding was commenced with the filing of a Lis Pendens and a Summons and Complaint with the Queens County Clerk on April 15, 2009, bearing index number 9790/09.

The Debtor was properly served pursuant to the CPLR and failed to appear in the action in any manner. Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF7, Mortgage Pass-Through Certificates, Series 2006-FF7 (the "Plaintiff") proceeded with an application to the Court for an Order of Reference, which was granted on October 30, 2009. Accordingly, the Plaintiff subsequently submitted an application for Judgment of Foreclosure and Sale, which was granted on May 26, 2010. Thereafter, a public sale of the Subject Property was scheduled for August 13, 2010 as directed by the Judgment of Foreclosure and Sale.

The foreclosure sale of the Subject Property took place on August 13, 2010, as scheduled. The sale took place at 11:39 a.m. and the property was sold to Joseph Atarien as President WP Plaza, Inc. Thereafter, at 11:44 a.m., the Debtor filed the instant bankruptcy.

On October 5, 2010, the Debtor, through her attorneys, brought an Order to Show Cause in Queens County Supreme Court to set aside the foreclosure sale and to prevent the transfer of the Deed from the Referee to the Third Party Buyer. Plaintiff, by and through their attorneys, opposed the Order to Show Cause by an Affirmation in Opposition.

On October 21, 2010 the Debtor filed a request for loss mitigation with First Franklin Loan Services for the Subject Property. On November 4, 2010, Bank of America as servicer for Deustche Bank National Trust Company as Trustee for First Franklin Mortgage Loan Trust 2006-FF7, Mortgage Pass Through Certificates Series 2006-FF7 (the "Respondent"), filed opposition to the Debtor's request for loss mitigation on the grounds that Debtor no longer owns or has an interest in the Subject Property.

Hon. Marguerite A. Grays issued an Order on December 23, 2010 denying the Debtor's Order to Show Cause and determing that the foreclosure sale was valid.

## POINT I
### There is No Automatic Stay In This Case Where The Subject Property Was Sold Prior To The Bankruptcy Filing

This issue was briefed at length prior to the March 24th hearing and that brief is fully incorporated herein, including all legal arguments contained therein[1] and for sake of repetitiveness will only be summarized. The foreclosure sale of the Subject Property took place at 11:39 a.m. on August 13, 2010. The Debtor filed the instant bankruptcy at 11:44 a.m. on August 13, 2010, after the foreclosure sale. Since the bankruptcy was filed after the foreclosure sale the automatic stay did not go into effect with respect to the Subject Property. The Debtor disputed this fact and brought an Order to Show Cause in State Court to set aside the sale of the Subject Property. Her motion was denied.

---

[1] The memorandum of law submitted prior to the 3/24/11 hearing included Rooker Feldman and Res Judicata arguments. The Respondent fully argues that those doctrines are applicable here and prevent the review of the foreclosure sale. However those arguments are not necessary to respond to the Court's most recent inquiry regarding the possibility of a stay violation and for that reason, arguments pertaining to those doctrines are not contained herein.

3

It is well settled that a debtor's legal and equitable interest in a property are extinguished at sale and the debtor's right to redeem in New York State is extinguished when the property is sold at the foreclosure auction.

> "The underlying objective of a foreclosure action is to extinguish the right of redemption of all interests in the property subordinate to that of the foreclosing plaintiff and to vest complete title in the purchaser at the foreclosure sale… The right to redeem survives up to the moment of an actual sale pursuant to a foreclosure judgment. Significantly, when terms "sale" or "actual sale" are employed, they are intended to refer to the auction sale which precedes the passing of actual title at the closing from referee to bidder. Thus, the right to redeem is extinguished when then the property is "struck down" at auction."

Bruce J. Bergman, *Bergman on New York Mortgage Foreclosures*, §27.02(2)(2001).

Further, it is also well established that once the ability to redeem has been lost pre-petition, the foreclosed property sold at a public sale is no longer property of the estate for purposes of *Section 541*. Bankruptcy Courts in New York have established that under New York law, the "purchaser of property at a real estate foreclosure sale conducted before the filing of the petition in bankruptcy divested the debtor of any interest in the property…" *In re Cretella*, 42 B.R. 526, 530 ( E.D.N.Y., 1984). *See also, In re Ghosh*, 38 B.R. 600 (E.D.N.Y. 1984); *In re Smith*, 7 B.R. 106 (W.D.N.Y. 1980); *In re Butchman*, 4 B.R. 379 (S.D.N.Y. 1980).

Absent an interest in the property, it cannot be regarded as property of the estate within the meaning of *11 U.S.C. §541*. *Id.* Further, since the Debtor has no interest in the property, she "lacks the power to de-accelerate or re-instate the mortgage and cure any defaults," a right

4

available to other Chapter 13 debtors who retain an interest in the real property prior to the bankruptcy filing. *Id.*

Applying the well established New York law, as interpreted through the Bankruptcy Courts of New York, to the case at bar it is evident that the Debtor lost her right to redemption when the Subject Property was sold, pre-petition, at the foreclosure sale. Since her rights to the property were extinguished prior to her filing the instant bankruptcy, the Subject Property did not become part of the bankruptcy estate under Section 541. Thus, the Debtor had no right to reinstate the mortgage through her Chapter 13 plan because the Subject Property was not property of the Estate. The Debtor's legal and equitable interests to the Subject Property were terminated at the foreclosure sale, pursuant to state law, and thus her right to reinstate or de-accelerate the mortgage was lost. She cannot use the Bankruptcy Code, via her Chapter 13 Plan, to reinstate a mortgage in property which she no longer legally owns and which is not property of the estate. Her assertions otherwise have conveyed fraud on the Court in that she purports to have an interest in a property which she no longer has legal or equitable title to.

## POINT II
### The Automatic Stay Does Not Extend to Actions Commenced By The Debtor

Even if the Court decides that the automatic stay did apply to this Debtor and the Subject Property, that automatic stay only extends to actions against the Debtor, not actions commenced by the Debtor. In this case, the Debtor chose to file the Order to Show Cause against the Respondent in State Court after the she had filed for bankruptcy. The Debtor cannot use the protections of the Bankruptcy Code as both a shield and a sword, as she is in this particular case. The Respondent has a right to protect its interests and oppose a motion to set aside the valid sale

5

of the subject property because the action was commenced by the Debtor against the Respondent and thus, as explained in detail below, the provisions of §362 do not apply.

One of the purposes of filing a bankruptcy petition is that it operates as a stay, applicable to all entities, of various types of actions to obtain affirmative relief against the debtor or his property. The purpose of the stay is to reinforce the jurisdiction of the bankruptcy court over the debtor's assets and stall the race to levy upon or make claims against the debtor's property with possibly inconsistent results. *See, Wedgeworth v. Fibreboard Corp.*, 706 F2d 541 (5th Cir. 1983).

11 U.S.C. §362(a) of the Bankruptcy Code provides, in relevant part, that a petition filed under Section 301, 302 or 303 of the Bankruptcy Code operates as a stay, applicable to all entities, of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> (2) the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

In interpreting these provisions, the District Court in the Northern District of New York noted that the operative words within this statute are "against the debtor." *See Dorsett-Felicelli, Inc. v. County of Clinton, et al*, 2009 U.S.Dist. LEXIS 49160 (N.D.N.Y. June 5, 2009). The Court went on to note that the well settled law within the 2nd Circuit, as well as other circuits, is that the stay provision of §362 is applicable solely to all proceedings against a bankrupt debtor

6

and that a debtor's action is not stayed "but rather permitted and expected to proceed since it is an asset of or inures to the benefit of the bankruptcy estate." *Id.*; see also, *Koolik v. Markowitz*, 40 F.3d 567 (2nd Cir. 1994); *Teachers Ins. & Annunity Ass'n of Am. V. Butler*, 803 F.2d 61 (2nd Cir. 1986); *Acands Inc. v. Travelers Cas. And Sur. Co.*, 435 F.3d 252 (3rd Cir. 2006); *Kilmer v. Flocar, Inc.*, 212 F.R.D. 66 (N.D.N.Y. 2002); *Maritime Electric Co. Inc. v. United Jersey Bank*, 959 F.2d 1194 (3rd Cir. 1991). The Court held in *Dorsett-Felicelli, Inc. v. County of Clinton, et al*, that pursuant to the plain language of §362 and the 2nd Circuit decisions regarding the applicability of §362, the automatic stay did not prevent the continued litigation of plaintiff debtors concurrent §1983 action in federal court alleging First Amendment violations against the defendants.

The Southern District of New York, as well as Circuit Courts, have similarly held that the "automatic stay provision of §362 by its terms only stays proceedings *against the debtor* and *does not address actions brought by the debtor* which would inure to the benefit of the bankruptcy estate." *In re Financial News Network, Inc.*, 158 B.R. 570 (S.D.N.Y. 1993)(emphasis added); *accord, Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126 (D.C. Cir. 1989); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d. 446 (3rd Cir. 1982); *see also, Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3rd Cir. 1991)("within one case, actions against debtor will be suspended even though closely related claims asserted by the debtor may continue").

The Debtor cannot hide behind the automatic stay provisions of §362 and claim that the Order to Show Cause she initiated is a violation of the automatic stay. The clear, unambiguous language of §362 mandates a stay only of litigation <u>against the Debtor</u>. It does not prevent entities against whom the Debtor "proceeds in an offensive posture---for example, by initiating a

7

judicial or adversarial proceeding---from protecting their legal rights." *In re Financial News Network*, 158 B.R. at 573 (*quoting Martin-Trigona v. Champion Federal Savings and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989)).

Further, nothing in the Bankruptcy Code stays or prevents a debtor before the bankruptcy court from filing claims against other parties. Thus, when a debtor initiates claims against other parties she does so without the safety of the automatic stay. To hold otherwise would be to permit the Debtor to use the automatic stay as a sword, instead of its intended purpose of a shield to hold off creditor while the debtor attempts to reorganize and restructure. *See, generally, In re Jardous Electric Construction Corp.*, 106 B.R. 48 (S.D.N.Y. 1989); *In re Slavcho Anchev*, 2009 Bankr. LEXIS 906 (S.D.N.Y. April 15, 2009)(holding that "[t]he automatic stay is inapplicable to suits by the bankrupt. This appears from the statutory language, which refers to actions 'against the debtor,' 11 U.S.C. §362(a)(1) and to acts to obtain possession of or to exercise control over 'property of the estate,'§326(a)(3), and from the policy behind the statute. There is no policy of preventing persons whom the bankrupt has sued form protecting their legal rights.")

When courts have faced this situation in which a debtor commences a non-bankruptcy action against other parties they have held that, out of fairness, the defendant should be allowed to defend himself from attack and "the automatic stay should not tie the hands of a defendant while the plaintiff is given free rein to litigate." *In re White*, 186 B.R. 700 (9th Cir. BAP 1995); *see also, In re Merrick*, 175 Bankr. 333 (9th Cir. BAP 1994).

In the instant case, the Debtor brought the Order to Show Cause against the Respondent in Queens County Supreme Court after the property was sold in a foreclosure sale and after the bankruptcy was filed. The action was commenced by the Debtor and as such, the automatic stay

provisions of §362 were inapplicable. The Respondent had every right to defend their interests in the State Court action. The Debtor cannot now claim that the state court action <u>she instituted herself</u> was a violation of the stay. The Debtor is trying to use the protections of bankruptcy as both a shield and a sword. The Debtor chose her forum when she brought the Order to Show Cause and cannot now try to conjure every excuse imaginable as to why the action she commenced was not valid. The law, as described in detail above, is clear on this issue. *An action commenced by the debtor, not against the debtor, is not subject to the automatic stay provisions of §362* and the defendants to that action have every right to assert defenses and oppose the action brought against them by the debtor.

## CONCLUSION

The State Court's ruling on the Order to Show Cause was not a violation of the automatic stay provision contained in §362 of the Bankruptcy Code because there was no stay in effect at the time the State Court Order was entered. The Subject Property was sold prior to the commencement of the Debtors bankruptcy case, thereby extinguishing any rights she had in and to the property, and therefore it was not property of the bankruptcy estate.

Further, even if this Court determines that the automatic stay was in place, the protections under the provisions of §362 do not extend to actions commenced by the Debtor. The Order to Show Cause was filed by the Debtor, not against the Debtor, therefore the protections of §362 do not apply and the Respondent had the right to defend against the motion.

On a procedural note, it must be brought to the attention of the Court that a necessary party is missing from these hearings. If the hearings continue on this path and the validity of the foreclosure sale is questioned, then the third party purchaser of the property at the foreclosure

9

sale must be included as he is an indispensable party to any motion to set aside the sale. *See,* CitiCorp Mortgage, Inc. v. Ronkon, 289 A.D.2d 438, 735 N.Y.S.2d 424 (2nd Dept. 2001); Federal National Mortgage Association v. New York Finance and Mortgage Co., 222 A.D.2d 647, 636 N.Y.S.2d 105 (2nd Dept. 1995); Vanderbilt Realty Corp. v. Gordon, 134 A.D.2d 586, 521 N.Y.S.2d 489 (2nd Dept. 1987). Additionally, any decision on the validity of the sale will directly and severely impact the interest of the third party purchaser. As such, it is respectfully requested that if the Court is inclined to make any determinations on the validity of the sale, then before those determinations are made and before any additional hearings or evidentiary hearings are set, that the third party purchaser be served with motion papers by the Debtor and given an opportunity to respond to the drastic relief requested by the Debtor.

DATED: April 15, 2011
Buffalo, New York

Respectfully submitted,

STEVEN J. BAUM, P.C.

/s/ Carrie R. McElroy
By: Carrie R. McElroy, Esq.
Attorneys for Respondent, Bank of America
as servicer for Deustche Bank National
Trust Company as Trustee for First Franklin
Mortgage Loan Trust 2006-FF7, Mortgage
Pass Through Certificates Series 2006-FF7
220 Northpointe Parkway, Suite G
Amherst, New York 14228
(716) 204-2400